IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SHAMIKA EDWARDS        §
§
      Plaintiff,            §
§
v.                             §   CIVIL ACTION NO. _____
§
CHAMPIONS CREEK FOREST LLC   §
and CHAMPIONS FOREST         §
PROPERTIES, LLC              §
§
      Defendants.           §

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, SHAMIKA EDWARDS, files this Original Complaint against CHAMPIONS CREEK FOREST LLC and CHAMPIONS FOREST PROPERTIES, LLC, and alleges as follows:

### I.
### NATURE OF THIS ACTION

1. This is an action for 1) discrimination under § 3604(f)(3)(B) of the Fair Housing Act by refusing to make reasonable accommodations for a handicapped person residing at the Champions Creek Apartments, and 2) personal injuries sustained by the handicapped resident as a result of a premises defect at the Champions Creek Apartments.

### II.
### THE PARTIES

2. Plaintiff, SHAMIKA EDWARDS, is an individual who resides in Harris County, Texas.

3. Defendant CHAMPIONS CREEK FOREST LLC is a limited liability

company existing under the laws of the State of Texas, and its principal place of business is located at 12816 Willow Centre Drive, Suite D, Houston, Texas 77066. This defendant is registered to do business in Texas and may be served with process by serving its registered agent for service, Ajaz R. Siddiqui, at 12816 Willow Centre Drive, Suite D, Houston, Texas 77066.

4. Defendant CHAMPIONS FOREST PROPERTIES, LLC, is a limited liability company existing under the laws of the State of Texas, and its principal place of business is located at 12816 Willow Centre Drive, Suite D, Houston, Texas 77066. This defendant is registered to do business in Texas and may be served with process by serving its registered agent for service, Ajaz R. Siddiqui, at 12816 Willow Centre Drive, Suite D, Houston, Texas 77066.

## III.
## JURISDICTION AND VENUE

5. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 because the basis for some of Plaintiff's claims is a federal law – the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*

6. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the tort claims arising under Texas law because the state law claims have a common nucleus of operative fact with the Fair Housing Act claims.

7. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to the claims in this action occurred in this District.

**IV.**
**FACTUAL ALLEGATIONS**

8.     On April 16, 2025, after being examined at the University Eye Institute at the University of Houston, Plaintiff Shamika Edwards was declared legally blind.

9.     On that date, Shamika Edwards had been living at the Champions Creek Apartments, located at 13606 Walters Road, Houston, Texas 77014, for approximately one year. She lived in apartment 4-E, a second-floor unit.

10.    All the apartments at Champions Creek are arranged five to a building with two apartments (Units A and B) located on the first floor and three apartments (Units C, D, and E) located on the second floor. A central staircase leads upstairs in each building. *See* Exh. A.



Exhibit A

11.    Over the course of the year that she had lived at Champions Creek, Ms. Edwards' eyesight was at all times severely diminished and getting worse, and she had made multiple requests to Champions Forest Properties, LLC, the property management company, and Champions Creek Forest LLC, the owner of the property, to move to a first-floor apartment, but the complex always denied any availability.

12.    After April 16, 2025, when she was declared legally blind, Ms. Edwards made additional requests to management to accommodate her handicap. Each time she was informed that no first-floor units were available.

13.    However, Ms. Edwards' sister, who visited her often, informed her at one point during that period that there was an apartment below hers that was vacant.

14.    The discrimination continued until September 22, 2025, when Ms. Edwards' sister came to drive her to the grocery store.

15.    As Ms. Edwards attempted to descend the central stairs in her building, she tripped on an object on the stairs that she could not see, and she fell down the stairs, sustaining serious bodily injuries.

## V.
## COUNT 1:  VIOLATION OF FAIR HOUSING ACT (42 U.S.C. § 3604(f)) – FAILURE TO MAKE REASONABLE ACCOMMODATION

16.    Plaintiff is an individual who was residing in Defendants' apartment complex and is a "person" within the meaning of 42 U.S.C. § 3602(d) and an "aggrieved person" pursuant to § 3602(i).

17. At all relevant times, Defendants, jointly and severally, owned, operated, and/or managed a "dwelling" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

18. Plaintiff is legally blind and therefore disabled within the meaning of 42 U.S.C. § 3602(h).

19. Plaintiff's disability causes her to have substantial difficulty safely maneuvering stairs.

20. Plaintiff notified Defendants of her disability and requested a reasonable accommodation in the form of a transfer to a first-floor unit to eliminate the need to traverse exterior stairs.

21. Defendants, jointly and severally, had actual knowledge of Plaintiff's disability and the need for the requested accommodation.

22. The accommodation was reasonable and necessary to afford Plaintiff an equal opportunity to use and enjoy her dwelling under 42 U.S.C. § 3604(a)(3)(B).

23. Defendants, jointly and severally, refused to make the requested accommodation or constructively denied the request by failing to act within a reasonable time.

24. Despite the availability of reasonable means to accommodate Plaintiff, Defendants delayed Plaintiff's transfer for more than six months.

25. As a direct and proximate result of Defendants' refusal and/or unreasonable delay, Plaintiff was required to continue using exterior stairs.

26.     During that period, Plaintiff tripped and fell on the stairs and sustained severe personal injuries.

27.     Defendant's failure to accommodate Plaintiff's disability was a producing and proximate cause of Plaintiff's injuries and damages.

## VI.
## COUNT 2:   DISCRIMINATION IN TERMS, CONDITIONS, OR PRIVILEGES OF RENTAL (42 U.S.C. § 3604(f)(2))

28.     Defendants, jointly and severally, discriminated against Plaintiff in the terms, conditions, and privileges of rental of a dwelling because of her disability.

29.     By denying or unreasonably delaying Plaintiff's requested accommodation, Defendants, jointly and severally, denied Plaintiff an equal opportunity to use and enjoy her dwelling.

30.     Defendants' conduct constitutes unlawful discrimination under 42 U.S.C. 3604(f)(2).

31.     Such conduct was a proximate cause of Plaintiff's injuries and damages.

## VII.
## COUNT 3:   PREMISES DEFECT

32.     At the time and on the occasion in question, Plaintiff Shamika Edwards was a tenant at the Champions Creek Apartments. Therefore, Plaintiff was an invitee on the Defendants' premises under Texas law.

33.     The conduct of Defendants Champions Creek Forest LLC and Champions Forest Properties, LLC – both their acts and omissions - constituted

a breach of the duty of ordinary care owed by a premises owner or operator to its invitees.

34.     Plaintiff had made multiple requests to Defendants to accommodate her handicap – legal blindness – and relocate her from her second-floor apartment to a ground-floor apartment.

35.     As a result of Plaintiff's disability, the exterior staircase she was forced to navigate for ingress and egress posed an unreasonable risk of harm.

36.     As a result of Plaintiff's multiple requests for accommodation, Defendants, jointly and severally, had actual knowledge of the dangerous condition that existed on their premises related to Plaintiff's handicap.

37.     Despite this, Defendants, jointly and severally, failed to act as a reasonably prudent owner/occupier of land would under the same or similar circumstances by failing to exercise ordinary care to reduce or eliminate the risk by:

- Failing to relocate Plaintiff to a ground-level unit within a reasonable time;
- Failing to otherwise provide reasonable measures to ensure safe access;
- Failing to warn or protect Plaintiff from the known risk.

38.     This failure to exercise ordinary care created an unreasonable risk of harm that was foreseeable. Each of Defendants' acts or omissions, taken singularly or in combination, was a proximate cause of Plaintiff's injuries and damages.

**VIII.**
**COUNT 4:   NEGLIGENCE PER SE**

39.     Defendant violated duties imposed by the Fair Housing Act.

40.   Plaintiff is within the class of persons the statute was designed to protect.

41.   Plaintiff's injuries are the type the statute was intended to prevent.

42.   Defendant's statutory violations proximately caused Plaintiff's injuries.

## IX.
## DAMAGES

43.   As a consequence of her bodily injuries proximately caused by the acts and omissions of Defendants, jointly and severally, Plaintiff is entitled to compensation for the following elements of damages:

   a.   past and future medical expenses;

   b.   past and future physical pain and suffering;

   c.    past and future mental anguish;

   d.   past and future physical impairment;

   e.   past and future disfigurement; and

   f.   damages available under the Fair Housing Act, including emotional distress damages.

## X.
## INTEREST

44.   Plaintiff further would show that Defendants have been in possession of monies due and owing to Plaintiff since the date of the incident complained of herein, based on the injuries sustained by Plaintiff as a result of the negligence of Defendants, and therefore Plaintiff is justly entitled to recover prejudgment interest on said monies as allowed by law until the date judgment

is entered herein, and postjudgment interest as allowed by law on any judgment awarded by this Court and the Jury.

## XI.
## ATTORNEY'S FEE

45.    If determined to be a prevailing party in the Fair Housing Act action, Plaintiff is entitled to recover a reasonable attorney's fee and costs pursuant to 42 U.S.C. § 3613(c)(2).

## XII.
## CONDITIONS PRECEDENT

46.    All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## XIII.
## DEMAND FOR JURY TRIAL

47.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action of all issues so triable.

## XIV.
## PRAYER

48.    FOR THE FOREGOING REASONS, Plaintiff prays that Defendants, jointly and severally, be duly cited to appear and answer herein; and that upon a final trial of this cause, Plaintiff recover:

(i)    Judgment against Defendants, jointly and severally, for Plaintiff's damages as set forth above;

(ii)    Prejudgment interest at the rate allowed by law until the date judgment is entered herein;

(iii)    Postjudgment interest as allowed by law on any judgment awarded by this Court and the Jury from the date judgment is entered until paid;

(iv)    Costs of court;

(v)    Reasonable and necessary attorney's fees;

(vi)    All other relief to which Plaintiff is justly entitled.

Respectfully submitted,

**DeSimone Law Office**

By: /s/ *Donald G. DeSimone*

Donald G. DeSimone
Texas Bar No. 05776710
Southern District of Texas I.D. 11770
4635 Southwest Freeway, Suite 850
Houston, Texas 77027
Office:    713-526-0900
FAX:        713-526-8041
E-mail: ddesimone@desimonelawoffice.com

**ATTORNEY FOR PLAINTIFF**